UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| DE'MARKUS BAILEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 13-CV-2041 |
| | ) |
| KEITH ANGLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION**

Petitioner, De'Markus Bailey, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#1) on February 14, 2013. Petitioner contends that he is entitled to be released immediately from the Illinois Department of Corrections because he has already served 50% of his sentence and cannot constitutionally be required to serve 85% of the sentence. On May 30, 2013, Respondent filed a Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus (#13). Respondent argued that Petitioner's purported § 2241 Petition must be construed as a Petition pursuant to § 2254 and dismissed as an unauthorized successive habeas petition. On June 13, 2013, Petitioner filed a Reply (#16) and argued that his § 2241 Petition should not be recharacterized as a Petition under § 2254. This court agrees with Respondent that Petitioner's claim can only be brought under § 2254 and must be dismissed because this court lacks subject matter jurisdiction. This court additionally finds that, even if this court considered Plaintiff's claim under § 2241, it is entirely without merit.

BACKGROUND

On May 8, 2000, Petitioner pled guilty to aggravated criminal sexual assault in the circuit court of Will County. The factual basis for the plea stated that, on January 18, 1999, Petitioner sexually assaulted the victim after attacking her with a stun gun. Petitioner was sentenced to 20 years in prison. Petitioner did not appeal his conviction and sentence.

In August 2009, Petitioner filed a Petition under 28 U.S.C. § 2254 in the Northern District of Illinois. *Bailey v. Randle*, No. 09 C 5537. Petitioner argued that Illinois' truth-in-sentencing statute requiring sexual assault prisoners to serve 85% of their sentences should not apply to his 2000 conviction. The district court dismissed the petition as untimely, noting that it was filed nearly seven years after Petitioner received documentation showing that his sentence was being calculated under the 85% rule.

Also in 2009, Petitioner filed an action in the circuit court of Sangamon County against Governor Pat Quinn and others. The circuit court dismissed the case on May 20, 2010, finding that Petitioner's "sentence is being correctly calculated."

On November 23, 2009, Petitioner filed a petition for writ of habeas corpus in the circuit court of Will County. The circuit court dismissed the petition, and Petitioner appealed. The Illinois Appellate Court, Third District, affirmed the dismissal in an unpublished Order on December 19, 2011. *Bailey v. Anglin*, Case No. 3-11-0159. The Appellate Court thoroughly addressed Petitioner's claim regarding the truth-in-sentencing statute as follows:

> Public Act 89-404, enacted in 1995, amended 10 different statutory provisions. *People v. Reedy*, 186 Ill.2d 1, 10 (1999). Section

40 amended the Unified Code of Corrections (730 ILCS 5/1-1-1 *et seq.* (West 1996)), and provided for "new truth-in-sentencing rules for calculating good-conduct credit and early release." *Id.* As plaintiff correctly alleges, our supreme court held this legislation unconstitutional on January 19, 1999, because it violated the single subject clause of the Illinois Constitution. *Id.*

Plaintiff acknowledges in his complaint that the legislature passed Public Act 90-592, effective June 19, 1998, but argues that it was no longer the law as of January 1, 1999. Our supreme court in *Reedy* noted that during the pendency of the case the legislature enacted Public Act 90-592 (Pub. Act 90-592, eff. June 19, 1998) and that the act "both deleted and recodified the entire truth-in-sentencing legislation originating from Public Act 89-404." *People v. Reedy*, 186 Ill.2d at 17. Public Act 90-592 became effective June 19, 1998, and modified section 3-6-3(a)(2) of the Unified Code of Corrections. *People v. Reedy*, 186 Ill.2d at 17. Thereafter, this court upheld the constitutionality of Public Act 90-592 in *People v. Norris*, 328 Ill. App. 3d 994, 998 (2002).

Although not addressed by the State, plaintiff also contends that the passage of P.A. 90-740 (eff. Jan. 1, 1999) resulted in P.A. 90-592 (eff. June 19, 1998) no longer being the law after January 1, 1999, when plaintiff committed his offense, and therefore, plaintiff was not subject

>to truth-in-sentencing. Contrary to plaintiff's argument, the legislature did not reinstate the prior legislation, which was held unconstitutional by our supreme court in *Reedy*, by passing P.A. 90-740. This public act, P.A. 90-740, amended sections 3-6-3 and 5-4-1 of the Unified Code of Corrections (730 ILCS 5/3-6-3, 5/4-4-1 (West 1998)). See P.A. 90-740 (eff. Jan. 1, 1999). Accordingly, the language contained in P.A. 90-592, along with the limited, but additional, amendatory language of P.A. 90-740, became the law on January 1, 1999, and was the law in effect at the time plaintiff committed this offense on January 18, 1999.
>
>Since it is undisputed that the record shows that plaintiff committed the offense of aggravated criminal sexual assault and that offense is an offense subject to truth-in-sentencing (730 ILCS 5/3-6-3 (West 2000)), we conclude the Department of Corrections has correctly calculated plaintiff's sentence. This also leads us to the conclusion that plaintiff has not satisfied the terms of his sentence, is not entitled to immediate release, and cannot be granted the *habeas corpus* relief as requested. Therefore, the trial court properly dismissed plaintiff's complaint.

*Bailey v. Anglin*, Case No. 3-11-0159 (paragraph numbers omitted). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on March 28, 2012.

In 2010, Petitioner filed two separate "civil rights actions" in the Northern District of Illinois challenging the sentence for his 2000 conviction. *Bailey v. Randle*, No. 10 C 1548; *Bailey v. Randle*, No. 10 C 1549. The district court dismissed both actions, determining that a § 2254 petition is the sole vehicle for state prisoners to challenge their incarcerations and that, in light of Petitioner's prior § 2254 petition, he could not file another such petition without advance authorization from the Seventh Circuit Court of Appeals.

On September 15, 2010, Petitioner filed a "Petition to Vacate Void Judgment" under 735 ILCS 5/2-1401 (West 2010) in the circuit court of Will County. Petitioner alleged that his 20-year prison sentence was void because part of the truth-in-sentencing statute (730 ILCS 5/3-6-3 (West 2000)), enacted by Public Act 89-404 (eff. August 20, 1995), was ruled unconstitutional by the supreme court in *Reedy*. The circuit court dismissed Petitioner's petition, finding that the truth-in-sentencing statute was in effect at the time the crime was committed. Petitioner appealed, and the Illinois Appellate Court, Third District, affirmed on February 23, 2012. *People v. Bailey*, Case No. 3-11-0069. The court stated that "Public Act 90-592 was in effect on the date of defendant's offense and sentencing; therefore, defendant's sentence was proper under the truth-in-sentencing statute (730 ILCS 5/3-6-3 (West 2000))." *People v. Bailey*, Case No. 3-11-0069.

Petitioner still did not give up the ghost on this meritless argument. In 2012, Petitioner filed yet another § 2254 petition in the Northern District of Illinois challenging the applicability of the truth-in-sentencing provision to his 2000 conviction, which the district court dismissed as an unauthorized successive petition. *Bailey v. Randle*, No. 12 C 3511.

ANALYSIS

On February 14, 2013, Petitioner filed his Petition for Writ of Habeas Corpus (#1) in this court. Petitioner stated that his Petition was brought under 28 U.S.C. § 2241 and asked this court to order his immediate release from custody because he has already served 50% of the 20 year sentence imposed. Petitioner is currently incarcerated in the Danville Correctional Center and named the Warden, Keith Anglin, as Respondent.

On May 30, 2013, Respondent filed a Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus (#13). Respondent set out Petitioner's lengthy litigation history on this issue. Respondent then noted that Petitioner's present federal habeas petition, which again argues that Illinois' truth-in-sentencing statute has been misapplied to his 2000 conviction, has been styled as a Petition pursuant to 28 U.S.C. § 2241. Respondent argued that, as a prisoner in custody pursuant to a state court judgment, Petitioner's "exclusive vehicle . . . to challenge anything affecting that custody" is a petition pursuant to 28 U.S.C. § 2254, *quoting Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Respondent therefore argued that Petitioner's Petition is an unauthorized successive habeas petition which must be dismissed for lack of jurisdiction.

On June 13, 2013, Petitioner filed his Reply to Respondent's Motion to Dismiss (#16). Petitioner argued that, pursuant to the Seventh Circuit's decision in *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009), his § 2241 Petition should not be recharacterized because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law.

This court concludes that, in this situation, the decision in *Walker* controls. In *Wyatt*, the Seventh Circuit discussed a situation where a federal prisoner filed a petition under § 2241 which was construed as a second or successive § 2255 motion. *Wyatt*, 574 F.3d at 460. The Seventh Circuit stated that "a § 2241 petition should not be re-characterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt*, 574 F.3d at 460.

In *Walker*, however, the Seventh Circuit discussed differences between § 2255 and § 2254 and stated that, in the court's view, this led "to a different path for federal and state prisoners." *Walker*, 216 F.3d at 633. The court in *Walker* stated that "as a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Walker*, 216 F.3d at 633. Therefore, "when a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case." *Walker*, 216 F.3d at 633. The court stated that "[r]oughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Walker*, 216 F.3d at 633, *see also Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002); *McCloud v. Humphreys*, 2012 WL 1378099, at *2 (E.D. Wis. 2012); *Azizi v. Smith*, 2010 WL 2431000, at *1 n.1 (E.D. Wis. 2010).

Because Petitioner is in custody as a result of a state court judgment, his request for relief is governed by the requirements of § 2254 and his Petition for relief pursuant to § 2241

is recharacterized as a petition for a writ of habeas corpus pursuant to § 2254. *See McCloud*, 2012 WL 1378099, at *2.

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this case. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody, § 2244(b)(1)." *Burton v. Stewart*, 549 U.S.147, 152 (2007). "In pertinent part, before filing the application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Burton*, 549 U.S. at 152-53, *quoting* 28 U.S.C. § 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 549 U.S. at 153, *citing* 28 U.S.C. § 2244(b)(3)(C). A district court lacks subject matter jurisdiction and "*must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original); *see also Burton*, 549 U.S. at 157.

In this case, there is no question that this is a second or successive petition brought under § 2254 and that the Seventh Circuit has not given approval for its filing. Accordingly, Respondent is correct that this court is without jurisdiction to entertain Petitioner's Petition and it must be dismissed. *See Burton*, 549 U.S. at 157; *Nunez*, 96 F.3d at 991; *McCloud*,

2012 WL 1378099, at *2-3.

This court notes that, even if *Wyatt* applied to this case and this court considered Petitioner's claim under § 2241, Petitioner would not prevail. Petitioner cannot show any violation of his constitutional rights. As numerous courts have carefully explained to Petitioner, the truth-in-sentencing statute was re-enacted and was in effect prior to his offense. Under the statute, Petitioner is required to serve 85% of the sentence imposed. This court notes that none of the case law cited by Petitioner in his Petition is applicable to his situation.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Petitioner's Motion because it is a second or successive motion pursuant to § 2254.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus (#13) is GRANTED.

(2) Petitioner's Petition for Writ of Habeas Corpus (#1) is hereby dismissed for lack of subject matter jurisdiction.

(3) Petitioner's Motion for Granting of the Great Writ (#11) and Request to the Court for an Expeditious Order Granting the Great Writ (#12) are MOOT because this court lacks jurisdiction.

(4) This case is terminated.

ENTERED this 2nd day of December, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE